Albert A. Ciardi, III, Esquire
Shannon D. Leight, Esquire
CIARDI CIARDI & ASTIN
One Commerce Square, Suite 1930
2005 Market Street
Philadelphia, PA 19103
(215) 557-3550
Attorneys for the Debtor

UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 11 |
| INTERSTATE EQUITIES, INC., | : |
| | : BANKRUPTCY NO. 09-17219(BIF) |
| DEBTOR | : |
| | : |

## MOTION OF THE DEBTOR AND DEBTOR-IN-POSSESSION FOR ORDER PURSUANT TO 11 U.S.C. §363 TO PERMIT USE OF CASH COLLATERAL AND PROVIDE ADEQUATE PROTECTION TO PARTIES WITH INTEREST IN CASH COLLATERAL

Interstate Equities, Inc. (the "Debtor"), by and through its counsel, Ciardi Ciardi & Astin, hereby requests authority to Use Cash Collateral and Provide Adequate Protection to Parties with Interest in Cash Collateral and in support thereof and respectfully represents:

## BACKGROUND

1.	On September 24, 2009 (the "Filing Date"), the Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code, as amended ("Bankruptcy Code").

2.	This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue of this case is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

3. Debtor is the operator of ten (10) Burger King Franchise locations.

4. Debtor employs ____ employees at its locations and regularly employs service personnel and sub-contractors for related services.

5. Debtor purchases food and related products on a daily basis for its operations.

6. Wilmington Trust Company ("WTC") has a lien in the inventory and equipment of the Debtor in the approximate amount of $5,700,000.

7. The Debtor requires use of inventory and its equipment to continue operations.

**THE BASIS FOR THE RELIEF REQUESTED AND THE REASONS THEREFOR**

8. Section 363(c) of the Bankruptcy Code allows a debtor to use, sell or lease cash collateral if each entity that has an interest in cash collateral consents or the Court authorizes the use. See 11 U.S.C. §363(c)(2).

9. The Debtor has prepared a budget (the "Budget") for use at this cash collateral hearing and it is attached hereto as Exhibit "A".

10. The Budget lists Debtor's expenses and revenues.

11. The continued use of cash collateral will allow the Debtor to continue operating, so that Debtor can continue with this reorganization by proposing a plan to satisfy claims of creditors. In the meantime, Debtor believes WTC's interests are adequately protected because Debtor's Budget indicates that it is profitable and can maintain or increase current collateral levels.

12. Approval of the Debtor's request to use cash collateral is in the best interest of the Debtor and creditors of the estate.

13. The Debtor proposes to provide adequate protection in the form of a replacement lien to the extent WTC has a lien pre-petition which is not subject to challenge and in the same extent, priority and validity as existed pre-petition.

14. In order to maintain the Debtor's operation, Debtor requires the use of cash collateral for the payment of expenses as more specifically set forth in Budget. Through the payment of the above referenced expenses the Debtor will be able, not only to maintain the status quo, but also to facilitate its reorganization and enhance the collateral.

15. Unless the Debtor can continue to operate, it will be unable to reorganize and enhance the collateral to the detriment of its creditors.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order in the form attached hereto and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

CIARDI CIARDI & ASTIN

Date: September 30, 2009    By:    /S/ Albert A. Ciardi, III
Albert A. Ciardi, III
One Commerce Square, Suite 1930
2005 Market Street
Philadelphia, PA 19103
T (215) 557-3550
F (215) 557-3551

Counsel for the Debtor