UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                                             :
                                                                   : CHAPTER 11
INTERSTATE EQUITIES, INC.,                                         :
                                                                   : BANKRUPTCY NO. 09-17219(BIF)
        DEBTOR                                                     :
                                                                   :

**ORDER SCHEDULING EXPEDITED HEARING ON MOTION OF THE DEBTOR AND DEBTOR-IN-POSSESSION FOR ORDER A) USE OF CASH COLLATERAL; B) PROVIDE ADEQUATE PROTECTION TO PARTIES WITH INTEREST IN CASH COLLATERAL; AND C) REQUEST FOR EXPEDITED HEARING, REDUCED NOTICE PERIOD AND LIMITED NOTICE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(c)(1) AND E.D. Pa. L.B.R. 5070(f)**

AND NOW, upon consideration of the Debtor's Motion requesting authority t: A) Use Cash Collateral; B) Provide Adequate Protection to Parties with Interest in Cash Collateral; and C) for an Expedited Hearing, Reduced Notice Period and limited Notice Pursuant to Federal Rule of Bankruptcy Procedure 9006(c)(1) and E.D. Pa. L.B.R. 5070(f) (the "Motion") and sufficient cause being shown, it is hereby **ORDERED** that:

1. The request for an expedited hearing is Granted.

2. A hearing to consider the Motion shall be and hereby is scheduled on _____, 2009 at _____ in the United States Bankruptcy Court, 900 Market Street, 2nd Floor, Courtroom No. 2, Philadelphia, Pennsylvania, 19107.

3. Written objections or other responsive pleadings to the Motion (while not required) may be filed up to the time of the hearing and all will be considered at the hearing.

4. That the Debtor shall serve this Order and a copy of the Motion, if not previously served, via facsimile, electronic or overnight mail on or before

_____,**2009** on (i) the Office of the U.S. Trustee, (ii) all parties requesting notice under Federal Rule of Bankruptcy Procedure 2002, (iii) counsel for Wilmington Trust Company; (iv) all other secured creditors; and (v) the top twenty (20) largest unsecured creditors.

Date: _____  _____
                              U.S. BANKRUPTCY JUDGE